**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANDREW JOSEPH HAFLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-02415 (UNA) |
| | ) | |
| TOM BORZANO *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, has filed a complaint and an application to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

Allegedly, Plaintiff is the "private holder of Land Patent No. 2112" for property in California that "is not subject to county taxation, regulation, or corporate enforcement." Compl., ECF No. 1at 3. He brings a "Criminal Complaint" against the Tax Assessor, Tax Collector, and two Code Enforcement officials for San Luis Obispo County, California, apparently for issuing "tax bills, liens, and code enforcement actions against said land under corporate statutes derived from the 1879 California Constitution." *Id.* Plaintiff seeks equitable relief that includes (1) a declaration nullifying the 1879 California Constitution and deeming "all local policies unenforceable against the patent holder" and (2) an order compelling "the FBI and DOJ [to] initiate immediate civil and criminal investigation[s] into" the alleged "abuses under color of law." *Id.* at 4.

The "availability of declaratory [and injunctive] relief presupposes the existence of a judicially remediable right." *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (cleaned up);

*see Town v. U..S. Dep't of the Interior*, No. 22-5314, 2025 WL 1446027, at *1 (D.C. Cir. May 20, 2025) (per curiam) (declarations and injunctions "are forms of relief, not sources of legal entitlement"). As a private citizen, Plaintiff "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). So he can neither initiate nor compel a criminal investigation of his claims. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985); *Powell v. Katzenbach*, 359 F.2d 234, 234 (D.C. Cir. 1965) (per curiam).

As for any potential civil suit, venue in Washington, D.C., is improper because all of the defendants and the subject property are in California where the alleged acts occurred. *See Montgomery v. Barr,* 502 F. Supp. 3d 165, 173 (D.D.C. 2020) (warning against manufactured venue in the District of Columbia); 28 U.S.C. § 1391(b)(2) (a civil action may be brought properly in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"). Therefore, this case will be dismissed by separate order.

2026.10.13
11:43:53 -04'00'

TREVOR N. McFADDEN
United States District Judge

DATE: October 13, 2026